# PLEA AGREEMENT





| Subject<br>United States v. Randy James<br>Criminal No. 2:20-cr-40-KS-MTP | Date<br>September 25, 2020 |
|---|---|

**To:**
Daniel D. Ware, Esq.
Attorney for Defendant

**From:**
Stan Harris
Assistant United States Attorney
Southern District of Mississippi

Randy James, Defendant herein, and Daniel D. Ware, Esq., Attorney for Defendant, have been notified and understand and agree to the items contained herein, as well as in the Plea Supplement, and that:

1. **Counts of Conviction.** It is understood that, as of the date of this plea agreement, Defendant and Defendant's Attorney have indicated that Defendant desires to plead guilty to a two-count Felony Information, charging in Count 1: Knowingly and Willfully Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity, To-Wit: Wire Fraud, in violation of Title 18, United States Code Sections 1343 and 1957; and, charging in Count 2: Knowingly and Willfully Making a False Statement on an Income Tax Return, in violation of Title 26, United States Code, Section 7206(1).

2. **Sentence.** Defendant understands that the penalty for violation of Title 18, United States Code, Sections 1343 and 1957 is not more than 10 years in prison; a term of supervised release of not more than 3 years; and a fine of up to $250,000.00. Defendant further

understands that the penalty for violation of Title 26, United States Code, Section 7206(1), is not more than three years in prison; a term of supervised release of not more than one year; and a fine of up to $250,000.00. Defendant further understands that if a term of supervised release is imposed, that term will be in addition to any prison sentence Defendant receives; further, if any of the terms of Defendant's supervised release are violated, Defendant can be returned to prison for the entire term of supervised release, without credit for any time already served on the term of supervised release prior to Defendant's violation of those conditions.

3. **Restitution.** Defendant agrees to pay restitution in a total amount of $420,561.84 with such restitution to be paid, pursuant to 18 U.S.C § 3663(a), as follows:

   a. $95,000 of the restitution to be paid to the IRS;

   b. $265,561.84 of the restitution to be paid to the Office of the State Auditor of the State of Mississippi; and,

   c. the remaining $60,000 of the restitution to paid to RLI Surety, A Division of RLI Insurance Company.

Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Defendant's timely payment of

restitution pursuant to the schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint. Defendant understands and agrees that the plea agreement does not resolve Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from Defendant related to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability.

Defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS. Defendant may send payments directly to the IRS with notice to the Clerk of this Court and the U.S. Attorney's Office Financial Litigation Unit according to the instructions below. In the alternative, Defendant may send payments to the Clerk of Court with instructions to forward the information to the IRS at the address listed below, but understands that using this method may result in a delay in the IRS receiving such payments.

Defendant may send restitution payments due to the IRS, to the IRS at the following address:

> IRS – RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

With each payment to the IRS, Defendant will provide the following information:

> Defendant's name and social security number;
> Case docket number;
> Tax year(s) for which restitution has been ordered;
> A statement that the payment is being made pursuant to the Court's restitution order.

3

Defendant may make restitution payments due the Office of the State Auditor of the State of Mississippi, directly to the Office of the State Auditor with notice to the Clerk of this Court and the U.S. Attorney's Office Financial Litigation Unit according to the instructions below. In the alternative, Defendant may send payments to the Clerk of Court with instructions to forward the information to the Office of the State Auditor of the State of Mississippi, at the address listed below. Defendant may send restitution payments due to the Office of the State Auditor, to the Office of the State Auditor at the following address:

> Mississippi Office of the State Auditor
> Attention: Investigative Division
> P.O. Box 956, Jackson, MS 39205

With each payment to the Mississippi Office of the State Auditor, Defendant will provide the following information:

> Defendant's name and social security number;
> Case docket number;
> A statement that the payment is being made pursuant to the Court's restitution order.

Defendant may make restitution payments due RLI Surety, A Division of RLI Insurance Company, directly to RLI Surety with notice to the Clerk of this Court and the U.S. Attorney's Office Financial Litigation Unit according to the instructions below. In the alternative, Defendant may send payments to the Clerk of Court with instructions to forward the information to RLI Surety, A Division of RLI Insurance Company, at the address listed below. Defendant may send restitution payments due to the Office of the State Auditor, to the Office of the State Auditor at the following address:

> RLI Surety
> A Division of RLI Insurance Company
> P.O. Box 3967 Peoria, IL 61612-3967
> Phone # 309-692-1000

4

With each payment to RLI Surety, A Division of RLI Insurance Company, Defendant will provide the following information:

Defendant's name;
Case docket number;
A statement that the payment is being made pursuant to the Court's restitution order.

If Defendant sends restitution payments directly to the IRS, the Office of the State Auditor of the State of Mississippi and/or to RLI Surety, A Division of RLI Insurance Company, Defendant must send notice of each such payment to both the Office of the Clerk of U.S. District Court and to the U.S. Attorney's Office Financial Litigation Unit, at the following addresses:

Office of the Clerk
U.S. District Court
Dan M. Russel, Jr. U.S. Courthouse
2012 15th Street, Suite 403
Gulfport, MS   39501

Financial Litigation Unit (FLU)
U.S. Attorney's Office
501 East Court Street, Suite 4.430
Jackson, MS   39201

It is understood that nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties, or interest due from Defendant for the time periods covered by this agreement, or any other time period.

4.  **Sentencing Guidelines Recommendations.**   In accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant will recommend to the Court that:

a.  Defendant's offense level, regarding Count 1 of the Information, be determined in accordance with U.S.S.G. § 2S1.1, 2B1.1 (Loss Table) and 3D1.2, and that the amount of the embezzlement by Defendant was a total of $300,756.94;

5

   **b.**  Defendant's offense level, regarding Count 2 of the Information, be determined in accordance with U.S.S.G. § 2T1.1, 2T4.1 (Tax Loss Table), and 3D1.2, and that Defendant caused a tax loss of $95,000; and,

   **c.**  The United States and Defendant have not agreed on any further sentencing issues, whether related to the Sentencing Guidelines or otherwise, other than those listed above or elsewhere in this plea agreement. The United States and Defendant reserve the right to argue at sentencing with respect to any aggravating or mitigating factor or circumstance not specifically addressed above or elsewhere in this plea agreement.

  **5.**  **Determination of Sentencing Guidelines.** It is further understood that the United States Sentencing Guidelines are advisory only and that Defendant and Defendant's attorneys have discussed the fact that the Court must review the Guidelines in reaching a decision as to the appropriate sentence in this case, and that the Guidelines calculation will include consideration of Defendant's relevant conduct, not limited to the count of conviction. The Court may impose a sentence other than that indicated by the Guidelines if the Court finds that another sentence would be more appropriate. Defendant specifically acknowledges that Defendant is not relying upon anyone's calculation of a particular Guideline range for the offense to which Defendant is entering this plea, and recognizes that the Court will make the final determination of the sentence and that Defendant may be sentenced up to the maximum penalties set forth above.

  **6.**  **Future Tax Return Preparation.** Defendant agrees, as part of this plea agreement, to be permanently enjoined under 26 U.S.C. §§ 7402 and 7407, from preparing or filing federal tax returns for anyone other than himself. Defendant understands that the United

States will file a civil complaint against him seeking this relief, and Defendant agrees to consent to the permanent injunction.

7. **Breach of This Agreement and Further Crimes.** It is further understood that should Defendant fail or refuse as to any part of this plea agreement or commit any further crimes, then, at its discretion, the U.S. Attorney may treat such conduct as a breach of this plea agreement and Defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions which the U.S. Attorney has not sought as a result of this plea agreement, including any such prosecutions that might have been dismissed or otherwise barred by the Double Jeopardy Clause, and any federal criminal violation of which this office has knowledge.

8. **Financial Obligations.** It is further understood and specifically agreed to by Defendant that, at the time of the execution of this document or at the time the plea is entered, Defendant will then and there pay over the special assessment of $100.00 required by Title 18, United States Code, Section 3013, to the Office of the United States District Court Clerk; Defendant shall thereafter produce proof of payment to the U.S. Attorney or the U.S. Probation Office. If Defendant is adjudged to be indigent, payment of the special assessment at the time the plea is entered is waived, but Defendant agrees that it may be made payable first from any funds available to Defendant while Defendant is incarcerated. Defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in Section 3613. Furthermore, Defendant agrees to complete a Department of Justice Financial Statement no later than the day the guilty plea is entered and provide same to the undersigned AUSA. Defendant also agrees to provide all of

Defendant's financial information to the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If Defendant is incarcerated, Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program regardless of whether the Court specifically directs participation or imposes a schedule of payments. Defendant understands and agrees that Defendant shall participate in the Treasury Offset Program until any and all monetary penalties are satisfied and paid in full by Defendant.

9. **Transferring and Liquidating Assets.** Defendant understands and agrees that Defendant is prohibited from transferring or liquidating any and all assets held or owned by Defendant as of the date this Plea Agreement is signed. Defendant must obtain prior written approval from the U.S. Attorney's Financial Litigation Unit prior to the transfer or liquidation of any and all assets after this Plea Agreement is signed and if Defendant fails to do so the Defendant understands and agrees that an unapproved transfer or liquidation of any asset shall be deemed a fraudulent transfer or liquidation.

10. **Future Direct Contact With Defendant.** Defendant and Defendant's attorney acknowledge that if forfeiture, restitution, a fine, or special assessment or any combination of forfeiture, restitution, fine, and special assessment is ordered in Defendant's case that this will require regular contact with Defendant during any period of incarceration, probation, and supervised release. Further, Defendant and Defendant's attorneys understand that it is essential that defense counsel contact the U.S. Attorney's Financial Litigation Unit immediately after

sentencing in this case to confirm in writing whether defense counsel will continue to represent Defendant in this case and in matters involving the collection of the financial obligations imposed by the Court. If the U.S. Attorney does not receive any written acknowledgment from defense counsel within two weeks from the date of the entry of Judgment in this case, the U.S. Attorney will presume that defense counsel no longer represents Defendant and the Financial Litigation Unit will communicate directly with Defendant regarding collection of the financial obligations imposed by the Court. Defendant and Defendant's attorneys understand and agree that such direct contact with Defendant shall not be deemed an improper *ex parte* contact with Defendant if defense counsel fails to notify the U.S. Attorney of any continued legal representation within two weeks after the date of entry of the Judgment in this case.

11. **Waivers.** Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of Defendant's rights to remain silent, to trial by jury, to subpoena witnesses on Defendant's own behalf, to confront the witnesses against Defendant, and to appeal the conviction and sentence, in exchange for the U.S. Attorney entering into this plea agreement and accompanying plea supplement, hereby expressly waives the following rights (except that Defendant reserves the right to raise ineffective assistance of counsel claims):

    a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and

    b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, on any ground whatsoever, including

9

but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case, and

  c. any right to seek attorney fees and/or costs under the "Hyde Amendment," Title 18, United States Code, Section 3006A, and the Defendant acknowledges that the government's position in the instant prosecution was not vexatious, frivolous, or in bad faith, and

  d. all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by Defendant or by Defendant's representative under the Freedom of Information Act, set forth at Title 5, United States Code, Section 552, or the Privacy Act of 1974, at Title 5, United States Code, Section 552a.

  e. Defendant further acknowledges and agrees that any factual issues regarding the sentencing will be resolved by the sentencing judge under a preponderance of the evidence standard, and Defendant waives any right to a jury determination of these sentencing issues. Defendant further agrees that, in making its sentencing decision, the district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial.

  f. Notwithstanding the foregoing, Defendant retains the right to pursue a claim of ineffective assistance of counsel.

**Defendant waives these rights in exchange for the United States Attorney entering into this plea agreement and accompanying plea supplement.**

12. **Complete Agreement.** It is further understood that this plea agreement and the plea supplement completely reflect all promises, agreements and conditions made by and between the United States Attorney's Office for the Southern District of Mississippi and Defendant.

**Defendant and Defendant's attorney of record declare that the terms of this plea agreement have been:**

1. READ BY OR TO DEFENDANT;
2. EXPLAINED TO DEFENDANT BY DEFENDANT'S ATTORNEY;
3. UNDERSTOOD BY DEFENDANT;
4. VOLUNTARILY ACCEPTED BY DEFENDANT; and
5. AGREED TO AND ACCEPTED BY DEFENDANT.

WITNESS OUR SIGNATURES, as set forth below.

D. MICHAEL HURST, JR.
UNITED STATES ATTORNEY

_[signature]_     10/7/2020
By: STAN HARRIS     Date
Assistant United States Attorney

_[signature]_     10/7/20
RANDY JAMES     Date
Defendant

_[signature]_     10/7/20
DANIEL D. WARE, ESQ.     Date
Attorney for Defendant